UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM R. TILYOU,

        Plaintiff,

    v.                                        23-CV-302-LJV
                                                  DECISION & ORDER

STATE OF NEW YORK, et al.,

        Defendants.
_____

        The pro se plaintiff, William R. Tilyou, asserts claims under 42 U.S.C. § 1983; *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and New York State law. Docket Item 8 (amended complaint). He alleges that during an arrest in Jamestown, New York, members of the Jamestown Police Department and the United States Marshals Service violated his rights under the Fourth and Fourteenth Amendments. *See id.*[1]

        On April 5, 2024, the summonses issued to three of the defendants—Jamestown Police Officers Christopher Draudt, Eric Kraft, and Nathan Narraway—were returned as having been executed. Docket Item 18. About six months later, Tilyou asked the clerk of the court to enter a default against Draudt, Kraft, and Narraway, Docket Item 41, and the clerk did so the following day, Docket Item 42.

---

[1] Five of the defendants—United States Deputy Marshals Scott Baryza, Daniel Higgins, Chul Lim, Bruce Stenzel, Christopher Weber—have moved to substitute the United States as a party and to dismiss the amended complaint. Docket Item 23. Tilyou is represented by limited scope pro bono counsel with respect to that motion, which is currently under advisement and will be decided in a separate decision and order. *See* Docket Items 24 and 32.

Tilyou then moved for "entry of [d]efault [u]nder Federal Rules of Civil Procedure 55" as to Draudt, Kraft, and Narrawy "in the amount of $2,750,000.00 from each defendant for [p]unitive [d]amages."  Docket Item 43.[2]  Several weeks later, Draudt, Narraway, and Kraft moved (1) to "set[] aside the default judgment granted against [them] on October 29th, 2024," (2) to "deny [Tilyou's] [m]otion to [r]equest a Clerk's entry of default with damages in the amount of $8,250,000, in aggregate," (3) to "dismiss[] the action against [them] because the plaintiff failed to properly service them with an amended complaint within 120 days of commencing the action, as required, or in the alternative, granting them 10 days after the entry of the order to serve their answers," (4) to set a schedule for discovery, and (5) to require Tilyou to provide copies of all pleadings to date.  Docket Item 47 at 2.[3]

For the reasons that follow, Tilyou's motion for a default judgment is denied, and the defendants' motion to vacate the clerk's entry of default[4] is granted.  The defendants' motion to dismiss is denied, however, and they shall answer the amended complaint within 10 days of the date of this decision and order.

---

[2] This Court construes this filing as a motion for a default judgment.

[3] Draudt, Narraway, and Kraft filed a second motion, Docket Item 49, that appears to be a duplicate of Docket Item 47.  The motion in Docket Item 49 therefore is denied as moot.

[4] As explained below, see infra Section III, because this Court has not entered a default judgment in this case, it construes the defendants' motion to vacate the default judgment as a motion to vacate the clerk's entry of default.

**DISCUSSION**

I.      **MOTION FOR A DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the plaintiff must secure a clerk's entry of default by demonstrating that the opposing party "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under [Federal] Rule [of Civil Procedure] 55(b)." *Green*, 420 F.3d at 104.

"Ultimately, the decision whether to enter [a] default judgment is committed to the district court's discretion." *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 577 (W.D.N.Y. 2019) (alterations and internal quotation marks omitted) (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)). But "in light of the [Second Circuit's] 'oft-stated preference for resolving disputes on the merits,' default judgments are 'generally disfavored.'" *Brydge Techs. LLC v. OGadget LLC*, 2021 WL 1200316, at *3 (E.D.N.Y. Mar. 4, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)); *see also Green*, 420 F.3d at 104 (characterizing a default judgment as "the most severe sanction which [a] court may apply" and explaining that although "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court, . . . [the Second Circuit] ha[s] expressed a strong preference for resolving disputes on the merits" (citations and internal quotation marks omitted)).

Because Draudt, Narraway, and Kraft now have submitted papers and are prepared to litigate the case on the merits, this Court declines to enter a default judgment against them. Indeed, were this Court to enter a default judgment under

3

these circumstances, that would run counter to the Second Circuit's "oft-stated preference for resolving disputes on the merits."  See Enron, 10 F.3d at 95.  Tilyou's motion for a default judgment therefore is denied.

## II.     MOTION TO DISMISS FOR IMPROPER SERVICE

Draudt, Narraway, and Kraft argue that the case should be dismissed against them because they never were served with the amended complaint.  More specifically, they say that "[o]n or about March, 2024, [they] received the [f]orm to be used in [f]iling a [c]omplaint [u]nder the Civil Rights Act, 42 U.S.C. §1983, dated April 5, 2023[,] and a [c]omplaint for [v]iolation of [c]ivil [r]ights dated December 8, 2023[,] via Certified [U.S.] Mail from the [U.S.] District Court."  Docket Item 47 at 6.  But, they say, "there has been no service of an amended complaint on the defendants after the initial dismissal of [Tilyou's] claims against [their] employer and its official employees, the City of Jamestown [sic]."  Docket Item 47-5 at 4.  Instead, "the City was waiting for [Tilyou] to amend his [c]omplaint so the [d]efendant[s] would have something to answer."  Docket Item 47 at 6.

The defendants appear to be confused about this Court's process for screening pro se complaints.  Tilyou filed his amended complaint on December 8, 2023.[5]  Docket Item 8.  Several months later, this Court issued a decision and order screening Tilyou's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Docket Item 12. That order dismissed some claims and terminated the City of Jamestown and UPMC Hospital as defendants.  Id. at 10.  But it also ordered service of the amended complaint

---

[5] The amended complaint was not captioned as "amended," so this may have contributed to the defendants' confusion.  See Docket Item 8.

4

"upon defendants United States Deputy Marshals Daniel Higgins, Scott Baryza, Chul Lim, Christopher Weber, and Bruce Stenzel; and *Jamestown Officers #1 - #3 (once identified)*." *Id.* (emphasis added).  And it directed "the Jamestown Corporation Counsel [to] provide the Court [with] the names and addresses of Jamestown Officers #1 - #3 or a written statement of reasons why such identification is improper or impossible" so that those defendants could be served.  *Id.* at 10-11.

On March 11, 2024, the City of Jamestown filed a letter identifying Draudt, Kraft, and Narraway as the relevant officers and providing their addresses.  Docket Item 14 at 2.  The United States Marshals service then served summonses and the December 2023 amended complaint on the defendants.  Indeed, the defendants acknowledge that they received Tilyou's "[c]omplaint for [v]iolation of [c]ivil [r]ights dated December 8, 2023[,] via Certified [U.S.] Mail from the [U.S.] District Court."  Docket Item 47 at 6.  Thus, this Court finds that the defendants were properly served with the amended complaint, and the motion to dismiss is denied.

### III.    MOTION TO VACATE THE ENTRY OF DEFAULT

Citing Federal Rule of Civil Procedure 60(b), Draudt, Kraft, and Narraway ask this Court to "set aside the default judgments entered . . . against them."  *See* Docket Item 47-5 at 2-5.  But because this Court has not entered a default judgment, it construes that request as applying to the clerk's entry of default.

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause."  In assessing whether there is good cause to set aside a default, courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious

5

defense is presented." *Enron*, 10 F.3d at 96 (citations omitted).  "The dispositions of motions for . . . relief from [entries of defaults] are left to the sound discretion of a district court." *Id.* at 95.  But as a rule, "defaults are generally disfavored and are reserved for rare occasions." *Id.* at 96.

With respect to the first factor, willfulness encompasses "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  A determination of willfulness is appropriate "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.*  So, for example, a court may refuse to set aside a default "where the moving party has made a strategic decision to ignore the litigation." *Nikolaeva v. Home Attendant Servs. of Hyde Park*, 2018 WL 6984837, at *2 (E.D.N.Y. Nov. 16, 2018) (citing *American All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)), *report and recommendation adopted by* 2019 WL 147721 (Jan. 9, 2019).

Here, there is no indication that the conduct was egregious or without justification.  Rather, as noted above, the defendants appear to not have realized that the December 2023 complaint was the operative pleading and were instead waiting for a subsequent amended complaint.  *See* Docket Item 47 at 6-7.

With respect to the second factor, "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  Instead, the delay must have caused "the loss of evidence, created increased difficulties in discovery, or provided increased opportunity for fraud and collusion." *Id.* (citation omitted).  This Court sees no such prejudice here.  This case is at an early stage;

6

indeed, a motion to dismiss brought by other defendants is still pending. See Docket Item 23.

Finally, with respect to a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" McNulty, 137 F.3d at 740 (internal citation omitted) (quoting Enron, 713 F.2d at 98). The defendants represent that, in their view, "[a]ll evidence, whether through depositions or via body camera footage will . . . show that these [d]efendants did not cause the plaintiff any harm and in fact procured emergency medical services treatment for him." Docket Item 47-5 at 8. At this stage, that is sufficient.

For all those reasons, this Court vacates the entry of default against Draudt, Kraft, and Narraway.

## **CONCLUSION**

For the reasons stated above, Tilyou's motion for a default judgment, Docket Item 43, is DENIED, and the defendants' motion to vacate the Clerk's entry of default, Docket Item 47, is GRANTED.[6] The defendants' motion to dismiss for improper service, Docket Item 47, is DENIED, and the defendants shall answer the amended complaint, Docket Item 8, within 10 days of the date of this decision and order.

---

[6] As noted above, Docket Item 49 appears to be a duplicate of Docket Item 47, and the motion brought in Docket Item 49 is denied as moot.

SO ORDERED.

Dated: July 14, 2025
       Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE